FILED

NOV 2 0 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RENEE FEREBEE,                                )
                                              )
            Plaintiff,                        )
                                              )
    v.                                        )       Civil Action No. 17-2147 (UNA)
                                              )
U-HAUL, *et al.*,                             )
                                              )
            Defendants.                       )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff "was issued a U-HAUL box the first week of October" which "could stay on [its] lot on Saint Barnabas Road[.]" Compl. at 1. When she arrived, staff "would not let plaintiff

obtain[] the box" because, he explained, the company "do[es] not store U-Boxes . . . on the property." *Id.* Plaintiff attributed these events to "discrimination" which "is highly visible when it comes to plaintiff . . . who is the original child of her heavenly father[.]" *Id.* She believed that her civil rights have been violated, and now "is seeking five hundred million dollars for the horrific, unecessary [sic] foul treatment" she received from U-HAUL staff. *Id.* at 2.

The Court finds that the complaint fails to set forth factual allegations with respect to this Court's jurisdiction, a claim showing plaintiff's entitlement to relief, or a valid basis for an award of damages of $ 500 million. The complaint, as drafted, does not comply with Rule 8(a), and the Court will dismiss it without prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 20th, 2017

_____
United States District Judge